United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY CHANDLER,

    Plaintiff,

v.

CATHEDRAL HEIGHTS, LLC,

    Defendant.

_____/

No. C 06-1513 PJH

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Gregory Chandler filed this action alleging violation of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. App. §§ 501-593, on February 27, 2006. Plaintiff is an attorney, and the spouse of Sunae Chandler, who allegedly performs military service with the reserve component of the United States Navy.

The complaint describes plaintiff as the "SCRA representative" of Sunae Chandler, and alleges that defendant Cathedral Heights, LLC, has violated the SCRA by failing to comply with the terms of lease for commercial property located at 1255 Post Street, Suite 939, San Francisco; by failing to maintain the leased premises in a "reasonably safe working condition;" and by failing to maintain the premises in a habitable condition.

On March 14, 2006, plaintiff filed an ex parte application for a temporary restraining order and a request for an order to show cause re preliminary injunction. Plaintiff claims that defendant has barred plaintiff's access to the property located at 1255 Post Street, Suite 939, and seeks an order enjoining defendant from interfering with plaintiff's use and

possession of the subject property.

Plaintiff has not filed a certificate of service on defendant, and has not complied with the requirements of Federal Rule of Civil Procedure 65(b). Accordingly, the request is DENIED.

In addition, plaintiff has not satisfied the standard for issuance of a temporary restraining order in this court. To prevail on a motion for preliminary injunctive relief (which includes temporary restraining orders), a plaintiff must demonstrate a strong likelihood of success on the merits, the possibility of irreparable injury to plaintiff if preliminary relief is not granted, a balance of hardships favoring the plaintiff, and advancement of the public interest (in certain cases). Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief may be granted if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in their favor. Id.

Here, plaintiff has made no showing whatsoever of a likelihood or a probability of success on the merits of the claim asserted in the complaint. In addition, while he has arguably made some showing of injury, he has not established a possibility that the injury is irreparable. Nor has he provided any information regarding the balance of hardships. The court will not consider an application for a temporary restraining order or a motion for preliminary injunction unless the plaintiff makes a reasonable attempt to meet the above-cited Ninth Circuit standard.

**IT IS SO ORDERED.**

Dated: March 14, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2